and that a hearing on defendant's § 72 motion be held on June 6, 1972, *nunc pro tunc* December 27, 1971. The hearing was continued to September 7, 1972, at which time another judge vacated the default judgment. Plaintiff appeals from this order.

■■■ The petition and affidavit filed by defendant fail to state any reason why defendant failed to answer or appear in court when the default judgment was entered. In addition, the foregoing chronology of this litigation amply reflects that defendant had full knowledge of the proceedings and judgment. Defendant did not employ an attorney until almost four months after he admitted actual knowledge of the judgment. § 72 relief is not intended to relieve a party of the consequences of his mistakes or negligence. (*Esczuk v. Chicago Transit Authority*, 39 Ill.2d 464, 236 N.E.2d 719.) Defendant's delay and inactivity reflects his failure to demonstrate due diligence in his attempt to vacate the default judgment. (See *Davis Furniture Co. v. Young*, 102 Ill.App.2d 415, 242 N.E.2d 457; *Elmwood Ford Motors, Inc. v. Mardegan*, 42 Ill.App.2d 342, 192 N.E.2d 445.) We therefore hold that the trial court abused its discretion in the vacatur of the judgment, and its order is hereby reversed.

Reversed.

LEIGHTON and HAYES, JJ., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LOUIS MUDD, Defendant-Appellant.

(No. 57911; ■■■■■■■■■

First District (3rd Division)—December 6, 1973.

PER CURIAM.

MEJDA, J., took no part.

Robert E. Gordon, of Gordon & Brustin, of Chicago, for appellant.

Bernard Carey, State's Attorney of Chicago (Kenneth L. Gillis and Charles B. Burch, Assistant State's Attorneys, of counsel), for the People.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MARIO P. RUIZ, Defendant-Appellant.

(No. 58316;

First District (3rd Division)—December 6, 1973.